# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| Lyle Douglas and Carlas Douglas, | : |
| | : Civil Action No.:  6:13-cv-00362 |
| Plaintiffs, | : |
| v. | : |
| | : |
| Fitzgerald, Goldman and Associates, Inc., | : |
| | : **COMPLAINT** |
| Defendant. | : JURY |
| | : |
| | : |

For this Complaint, the Plaintiffs, Lyle Douglas and Carlas Douglas, by undersigned counsel, state as follows:

## JURISDICTION

1.      This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiffs, Lyle Douglas (hereafter "Lyle") and Carlas Douglas (hereafter "Carla" and together with Lyle, the "Plaintiffs"), are adult individuals residing in Longview, Texas, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Fitzgerald, Goldman and Associates, Inc. ("FGA"), is a Maryland business entity with an address of 10540 York Road, Suite L-200, Hunt Valley, Maryland 21030, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**      **The Debt**

6.      The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to FGA for collection, or FGA was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**      **FGA Engages in Harassment and Abusive Tactics**

10.      Within the last year, FGA contacted Plaintiffs in an attempt to collect the Debt by placing calls to both Plaintiffs' residential telephone and Carlas' place of employment.

11.      On at least one occasion, Lyle requested FGA cease all calls to Carlas' place of employment.

12.      Despite Lyle's requests, FGA proceeded to place three calls to Carlas' place of employment.

13.       In its calls to Carlas' workplace, FGA informed Carlas' co-workers of the nature of the Debt, much to Carlas' embarrassment.

2

14.     In a voice message left for the Plaintiffs by Norman Strong, a representative from FGA, Strong stated FGA would "go ahead with final service" and serve Carlas at her place of employment.

15.     However, no such legal action has been taken and, upon information and belief, FGA threatened Plaintiffs with such in order to affect immediate satisfaction of the Debt.

16.     Lastly, FGA failed to send Plaintiffs written validation of the Debt, including notice of Plaintiffs' rights under federal law, as required by 15 U.S.C. § 1692g.

**C.     Plaintiffs Suffered Actual Damages**

17.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

18.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

19.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs owed a debt.

21.     The Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.

22.     The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau.

23.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

24.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

26.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

27.     The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiffs an initial letter within five days of its initial contact with Plaintiffs as required by law.

28.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29.     The Plaintiffs are entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)

against the Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against the Defendant;

4.  Actual damages from the Defendant for the all damages including emotional

    distress suffered as a result of the intentional, reckless, and/or negligent

    FDCPA violations in an amount to be determined at trial for the Plaintiffs;

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 29, 2013

                              Respectfully submitted,

                              By */s/ Jody B. Burton*

                              Jody B. Burton, Esq.
                              Bar No.: 71681
                              LEMBERG & ASSOCIATES L.L.C.
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              E-mail: jburton@lemberglaw.com
                              Attorneys for Plaintiffs